Smith, J.
In this proceeding in error the plaintiff seeks the reversal of a judgment rendered in favor ' of the defendants, in an action brought by the former against the latter.
On the trial in the court of common pleas, a finding of facts and of law was made, and^the question submitted is, whether the facts found warranted the judgment as rendered.
- In brief, the facts found were as follows: E. L. DeCamp was the executor of the will of Wm. C. Kinsella, deceased, and on January 15, 1894, on the settlement of the final account of said executor, the plaintiff having filed exceptions thereto, the probate court of this county heard such exceptions, and an entry was made by such court, finding that on the settlement of said account, there was a balance in the hands of said executor, due the estate of Kinsella, less the costs of court,of $932.21, which he was ordered to distribute according to law and the will of the testator. •
That on the 16th of February, 1894, the plaintiff, the sole legatee under the will of Kinsella, and entitled to any balance in the hands of the executor, demanded payment of said sum of $938.21.of DeCamp, which was refused, and on March 3, 1894, this action was brought on the bond given by DeCamp as executor, against him and his sureties to recover said amount so found due.
That on April 30, 1894, an entry was made by the probate court as follows:
*496 “On motion of Elizabeth L. DeCamp, executrix herein, made in open court in the presence of counsel for Anna L. Kinsella, and it appearing to the court that the order of the 15th day of January, A. D. 1894, was made under a misapprehension of fact and by inadvertence, it is hereby ordered that said entry be, and the same is vacated and held for naught. And the exceptions of Anna L. Kinsella to the final account of said executor, are hereby continued for the further consideration of the court,to all of which said Anna L. Kinsella, by her counsel excepts.”
And afterwards,on February 7, 1895, an entry was made by said court in said proceedings, overruling the exceptions to the account. To this Anna L. Kinsella excepted and gave notice of appeal, and afterwards gave the bond and perfected her appeal to the common pleas, which is still pending therein. As a conclusion of law the court of common pleas held that plaintiff could not maintain this action and dismissed the same at her costs. Was this action of the'court right?
The only defense interposed to the action (except the denial of a demand on the executor for payment) was,“that on the 30th day of April, 1894, the order of the probate court of Hamilton county, set forth in the petition, was vacated and set aside by said court.” It is said however, by counsel, that the ground upon which the court of common pleas decided the case against the plaintiff was, that if it should be conceded that the probate court had no power to vacate the judgment as was done, or attempted, by the entry of April 30, 1894, yet the plaintiff in error waived her right to object thereto by appealing from the decision afterwards made by the probate court, on the questions raised by the same exceptions to the account of the executor. So that, on the pleadings in the case and the finding of facts made by the court of common pleas, two questions are presented and have been argued, viz: 1st. Whether the probate court had any right or authority at the time it at *497 tempted to do so, (April 30, 1894), to vacate the order or judgment entered Jany. 15, 1894, finding the balance then in the hands of the executor, and ordering its distribution; and if not, whether such action was void or simply erroneous. And 2d, if the court had not such right,and the action was void, whether the subsequent conduct of the plaintiff so waived it, as to put it out of her power in this action to claim that it was void.
In the first place, we may say that we recognize to the fullest extent the right of any court at any time to make its journal or record speak the truth — that is, to show what the real aotion of the court was. For instance,if by mistake or fraud there appears on its journal what purports to be the action of the court, as that a particular judgment was rendered, or order made, when in fact no such judgment or order had been rendered or made,the court has full power to erase such pretended order or judgment from the journal,or by proper entry thereon, to vacate the same and hold it for naught, on its own motion, or that of a party in interest, —and in our judgment,though such action is not had at the term at which the entry of the vacated order appears to have been made. Or,if by reason of a clerical error, or by mistake or wrongful conduct of any one, the real judgment of the court as rendered or announced is not correctly placed upon its journal, the court, certainly during the same term, and probably at a subsequent term, if a court of 'general jurisdiction having stated terms, is authorized to correct the same and make it speak the truth — without resort to the proceedings warranted b.y sec. 5354 and post, of the Revised Statutes. Whether, if a certain specified judgment has been announced by a court, and that judgment has been correctly entered upon the journal of the court,and no motion for a new trial had been interposed as provided for by law, but the court subsequently, on reflection it maybe, becomes convinced that the decision so rendered and *498 entered was wrong, may at the same term of the court at which such judgment was entered vacate the same, is a question as to which we have doubt, but are of the opinion that the law does confer such discretion and power. But if it does, we think it applies to courts of general jurisdiction and which have regular terms only.
But so far as-we can see, courts of probate under our constitution and laws are not of this character. It is in the language of the constitution, “open at all times’’, and so far as we are advised,no terms of said court are provided for by law, except by sec. 5355, which gives to such court power in certain cases to vacate or modify its own judgments after the term at which they were made, and in estimating time that such court shall for that purpose be considered as holding in each year three terms of four months each, the first commencing on the first of January of each year; and by sec. 6468, which provides that in the exercise of criminal jurisdiction it shall be considered as holding monthly terms, commencing on the first Monday of each month.
But as we understand it, it has been expressly held by the supreme court in 26 Ohio St., 357, that the provision made by sec. 5365 as to terms of said court have no application whatever to proceedings for the settlement of the estates of deceased persons, and the remedies pointed out for the correction of the accounts of executors and administrators by other statutes than 5354 and post, must be pursued. This case is important as holding that in such cases as the settlement of such accounts there are no terms of the pro.bate court.
We are led to the conclusion then, that where in the settlement of an account of that kind, and where, as in this case, there were exceptions to the account of the executor, and a decision is made by the court, and that decision is properly entered upon the journal or record of the probate court, it is final unless reviewed or changed in some manner pro- *499 vided for by the law regulating the settlement of estates of deceased persons — and that the probate court in such case has not the right to vacate such order or judgment otherwise, and that an order made long after the entry of the original judgment, as was done in this case, was a nullity, and the original order stands in full force. If, however,no such judgment as that of Jany. 15, 1894, was ever rendered by the probate court,and the same was without the authority of the court placed on the journals thereof, “under a misapprehension of fact, and by inadvertence,” as before stated, the court had the right,on discovering the fact, to strike it out and hold it for naught.
The question for decision in this case, is what does the record show as to this.
In the first place, the petition avers that on the 15th of January, 1894, it was found, adjudged and considered by the court, that there remained in the hands of said DeOamp, upon the settlement of his said account,” the said balance found to be in his hands ($938.21), which he was ordered to pay over and distribute according to law. The answer of the defendant expressly admitted that the order was made by the court as alleged in the petition — so that there was no controversy or issue made in the pleadings as to this.
The court at the trial also found that on the 15th of January, 1894, an entry was made by the probate; court as set out in the finding of facts. So that it seems clear that the judgment so entered at that time was the judgment of the court and was entered by the cour.t as made by the court. If this be so, it would seem that the case would be brought within the doctrine hereinbefore stated, and that the probate court had no right to vacate it as was attempted to be done by the entry of April 30, 1894, notwithstanding the statement therein that it (the order of Jany. 15, 1894) “was made under a misapprehension of fact and by inadvertence”. Those words might well mean that the court on re *500 flection had become convinced that the decision before made- and placed upon its journal was contrary to the evidence1 submitted, and therefore was made by inadvertence. If^the court had a right to do this when it did, and as it did, it would have the right to do it ten years after that time, which would be contrary to settled and acknowledged principles of law, and could not be properly done by any court of general or special jurisdiction without express authority to do it .conferred by the statute..
F. F. Oldham, for Plaintiff in Error.
Robert Ramsey, for Defendant in Error.
If the action of the court on April 30, 1894, vacating the-judgment of January 15,1894, was invalid and void, as we feel compelled to hold it was, on the record before us, the original judgment remained in full force and effect,and the fact that the probate court afterwards proceeded to re-hear the matter and render a different judgment, and that the-plaintiff in error took an appeal therefrom,did notin any way affect the first judgment, or operate to waive the right of such plaintiff to show in this action that the original judgment stood in full force.
The judgment of the court of common pleas will therefore-be reversed. But instead of rendering a judgment on the-finding of fact in favor of the plaintiff, for the amount sued for, as we perhaps might do, we have thought it best, in view of the doubt that may possibly exist as to the ground upon which the probate court acted in making the entry of April 30, 1894, to remand the case for a new trial, if desired by the defendant in error, or for such other proceedings as may be warranted by law. In the event of such-new trial, it can doubtless be shown, what was the ground’ upon which the probate court acted, and whether, in view of the law as we hold it to be, such action was valid or void,